NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE A. ALVARADO, a/k/a
JOSE A. ALVARDO,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL ACTION NO. 16-4459 (JLL)

**OPINION**

**LINARES, Chief District Judge**

Jose A. Alvarado seeks judicial review of a final decision (hereinafter, "the Decision") issued on behalf of the Commissioner of the Social Security Administration (hereinafter, "the Commissioner") by an administrative law judge (hereinafter, "the ALJ"), dated November 17, 2014, wherein the ALJ addressed his application for disability insurance benefits and supplemental security income. (See ECF No. 1; R. at 12–27.) See also 42 U.S.C. § 405(g); L.Civ.R. 9.1. The ALJ concluded that Alvarado was not disabled during the relevant time period. Alvarado objects to the ALJ's conclusion.

The Court has carefully considered the administrative record, as well as the submissions that have been made in support of and in opposition to the instant appeal, and decides this matter on the briefs of the parties and without conducting oral argument.

(See ECF No. 5 (administrative record); ECF No. 11 (Alvarado's brief); ECF No. 14 (Commissioner's brief).) See L.Civ.R. 78.1(b); L.Civ.R. 9.1. For the reasons set forth below, the Court remands this matter for further proceedings that are consistent with this Opinion.

## BACKGROUND

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

## STANDARD OF REVIEW

The Court must affirm the Decision if the ALJ's findings of fact are supported by substantial evidence. See 42 U.S.C. § 405(g); Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court must be deferential to the inferences drawn by the ALJ from the facts if those inferences, in turn, are supported by substantial evidence. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (stating that a court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently"). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (citations and quotation marks omitted). Additionally, a disability must be established by objective medical

evidence. To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

Id. The factors to consider in determining how to weigh the evidence originating from medical sources include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. See 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." Jones, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision," and not merely make conclusory and unexplained findings. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, then the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). It does not matter if this Court "acting *de novo* might have reached a different conclusion." Monsour Med. Ctr. v.

Heckler, 806 F.2d 1185, 1190–91 (3d Cir. 1986)). The ALJ is also "not require[d] . . . to use particular language or adhere to a particular format in conducting [the] analysis," but the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." Jones, 364 F.3d at 505.

## THE FIVE STEP PROCESS AND THE ALJ'S DECISION

### I. The Law

A claimant is eligible to collect benefits if, among other things, he demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if the physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The "five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" is the following:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.

> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [(hereinafter, "RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

Burnett, 220 F.3d at 118–19 (case citations omitted). "The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." Sykes, 228 F.3d at 263. Neither party bears the burden of proof at step three. See id. at 263 n.2.

## II. Analysis of Alvarado's Severe Diabetes Impairment

At the second step of the sequential evaluation in this case, the ALJ concluded that Alvarado had eight severe impairments, including diabetes. (See R. at 15.) However,

Alvarado argues that the ALJ failed to meaningfully consider his diabetes, either alone or in conjunction with his other severe impairments, in assessing his ability to engage in gainful employment during the relevant time period. (See ECF No. 11 at 23–24.) The Court is compelled to agree with Alvarado's arguments here.

The Decision sets forth the following assessment concerning Alvarado's severe diabetes impairment:

> The claimant has also been diagnosed with diabetes mellitus. On May 27, 2012, he had an HbA1c of 10.0%. On February 8, 2013, he had an HbA1c of 12.5%.

(R. at 20.) The ALJ provided nothing more in the Decision concerning Alvarado's diabetes, whether alone or in conjunction with the other severe impairments that the ALJ specifically found.

Having concluded that Alvarado's diabetes was a severe impairment, more was required of the ALJ's analysis on this issue in the third step and in the subsequent analysis. There is no way for the Court to meaningfully review the Decision on this issue because the ALJ gave no reasons for the conclusion that Alvarado's severe diabetes impairment, either alone or in combination with his other severe impairments, did not merit an award of benefits. See Torres v. Comm'r of Soc. Sec., 279 Fed.Appx. 149, 151 (3d Cir. 2008) (reversing a district court's affirmance of an ALJ's decision on this ground, and directing that "[o]n remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why [the

claimant's] diabetes . . . [and other severe impairments] in combination, are or are not equivalent in severity to one of the listed impairments"); Miller v. Astrue, No. 11-7094, 2013 WL 3043460, at *8–9 (D.N.J. June 14, 2013) (holding that the ALJ erred in failing to set forth an analysis of the claimant's diabetes in conjunction with the claimant's other severe impairments, and as a result the district court "cannot provide a meaningful judicial review of [the ALJ's] findings").

The Commissioner attempts to salvage the inadequate analysis set forth by the ALJ concerning Alvarado's severe diabetes impairment, by arguing the following:

> Here, there was no evidence that Plaintiff's diabetes, even if uncontrolled at times, caused him to meet or equal the criteria of a listing for another body system. There was no evidence that Plaintiff experienced any complications of diabetes, such as chronic hyperglycemia, that affected his cardiovascular system. In fact, Plaintiff's diabetes mellitus was often diagnosed without complication.

(ECF No. 14 at 18 (citations and quotation marks omitted).)

The Commissioner also argues the following concerning Alvarado's severe diabetes impairment:

> [T]he ALJ noted that Plaintiff's glucose level was high at times, but, as stated above, there was no evidence that he had any complications, such as hyperglycemia or episodes of dizziness, from diabetes mellitus. . . . To the extent, however, that Plaintiff's diabetes . . . [was] more limiting, the ALJ's inclusion in the RFC of no climbing of ladders, ropes, or scaffolds, and no work around heights or machinery, reasonably took th[is] other [impairment] into account.

(ECF No. 14 at 23 (citations omitted).)

However, the Commissioner's arguments that are quoted above were not made by the ALJ in the Decision, and the Court will not graft these arguments onto the assessment set forth by the ALJ. See Jones, 364 F.3d at 505 (holding that an ALJ must provide an explanation of the findings in order to permit a meaningful review by a district court); see also Buchanan v. Astrue, No. 11-166, 2012 WL 6085151, at *1 (S.D. Ga. Dec. 6, 2012) (remanding a Social Security matter where the ALJ failed to explicitly address the claimant's acknowledged severe diabetes impairment, and rejecting the Commissioner's attempts to belatedly raise medical evidence that was omitted by the ALJ because that sort of analysis was reserved for the ALJ to make in the first instance).

Consequently, because the ALJ failed to properly analyze Alvarado's diabetes at step three, this necessarily led to improper conclusions in the next steps of the analysis.. See Roseboro v. Astrue, No. 07-5204, 2008 WL 2224817, at *2 (D.N.J. May 27, 2008) (remanding a Social Security matter where the ALJ found that the claimant suffered from a severe diabetes impairment, but then the ALJ failed to address that impairment in the subsequent steps). In view of the Third Circuit's clear guidance that has been set forth in Torres, the Court must remand this matter for a fuller assessment of Alvarado's diabetes on its own and in conjunction with the other severe impairments listed by the ALJ in the subsequent steps.

Because the Court has determined that a remand is appropriate based upon the ALJ's improper assessment of Alvarado's diabetes, a new sequential evaluation is necessary. Thus, the Court will not address Alvarado's remaining substantive challenges.

because they should necessarily be addressed upon remand.  See Lawrence v. Colvin, No. 15-2851, 2016 WL 1644622, at *10 (D.N.J. Apr. 26, 2016).[1]

## CONCLUSION

For the foregoing reasons, the Court remands the matter for further proceedings that are consistent with this Opinion.  The Court will issue an appropriate Order.

JOSE L. LINARES
Chief Judge, United States District Court

**Dated:** June ___19th___, 2017

---

[1] The Court does note that contrary to an argument raised by Alvarado (see ECF No. 11 at 17–19), the ALJ properly addressed Alvarado's severe impairment of obesity by (1) referring to Social Security Ruling 02-1p in the analysis, and (2) considering the effect of his obesity individually and in combination with the other impairments. (See R. at 17, 20.) See Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009) (setting forth the standard for an assessment of obesity by an ALJ); Cooper v. Comm'r of Soc. Sec., 268 Fed.Appx. 152, 156 (3d Cir. 2008) (setting forth the same). Nevertheless, the proper assessment of Alvarado's obesity does not cure the deficiencies found in the ALJ's assessment of Alvarado's diabetes.